**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4927**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLTON ARNEZ RILEY,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (7:06-cr-00098-jct)

———————————

Submitted:  May 30, 2008        Decided:  June 27, 2008

———————————

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

Neil A. Horn, Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlton Arnez Riley pled guilty to one count of attempted possession of cocaine with intent to distribute, 21 U.S.C. § 846 (2000), and was sentenced to a term of fifty-seven months imprisonment. Riley appeals his sentence, contending that the district court clearly erred in finding that he abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense, U.S. Sentencing Guidelines Manual § 3B1.3 (2006). For the reasons explained below, we vacate the sentence and remand for resentencing.

When he committed the offense, Riley was a state probation officer in Henry County, Virginia. He was arrested after he made a controlled purchase from a cooperating defendant, Calvin Rayfield Moore.[*] This court reviews de novo the district court's determination that the defendant held a position of trust under § 3B1.3, and reviews the factual findings that support the adjustment for clear error. United States v. Ebersole, 411 F.3d 517, 535-36 (4th Cir. 2005); United States v. Caplinger, 339 F.3d 226, 235-36 (4th Cir. 2003).

Riley concedes that he held a position of trust, but contends that the government produced no evidence that his position enabled him to commit or conceal the offense. Application Note 1 to § 3B1.3 states: "For this adjustment to apply, the position of

_____

[*]Moore died before Riley was sentenced.

- 2 -

public or private trust must have contributed in some significant way to facilitating the commission or concealment of the offense (e.g., by making the detection of the offense or the defendant's responsibility for the offense more difficult)." The district court accepted the probation officer's speculation that Riley's position must have facilitated his commission and concealment of the offense by giving him knowledge of the activities of law enforcement officers in the county and allowing him to associate with convicted criminals without arousing suspicion. However, no specific evidence was produced to show that Riley's position actually aided him in this way. The government's argument at sentencing was focused entirely on the damage Riley's actions caused to the reputation of the criminal justice system in the county, which is not a basis for giving the adjustment. See United States v. Wadena, 152 F.3d 831, 856-57 (8th Cir. 1998).

A sentence is reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an

explanation for any deviation from the Guideline range." <u>Gall</u>, 128 S. Ct. at 597. Here, in the absence of evidence that Riley's position "contributed in some significant way to facilitating the commission or concealment of the offense," USSG § 3B1.3, comment. (n.1), we cannot affirm the district court's application of the adjustment.

We therefore vacate the sentence imposed by the district court and remand for resentencing. On remand, the district court should not impose the § 3B1.3 adjustment unless it finds that the necessary evidentiary support exists. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>